Municipal Court of Columbus.

MCGLINCHEY V. FRANKLIN-AMERICAN LAUNDRY CO.

Decided August 5, 1932.

ROSE, J.

This is an action for the conversion of personal property, brought by Thomas W. McGlinchey against the

Franklin-American Laundry & Dry Cleaning Company. The evidence shows and the court makes the following as a finding of facts in this case.

The plaintiff on or about the 6th of January, 1931, delivered a package of laundry to one of the defendant's agents, a route man, to be laundered by the defendant. Within a few days, the clothing was laundered by the defendant and the route man attempted to deliver the same to the plaintiff, but was unable to do so, no one being at the plaintiff's residence. There was a laundry charge of three dollars and one cent due the defendant, which the court finds to be a reasonable charge for the performing of the service. Numerous attempts were made within the following thirty days to deliver, but on each occasion the defendant was unable to deliver it because of inability to find the plaintiff or any member of his family at his residence. Upon each occasion the defendant called at plaintiff's residence, a laundry card was left at the door, which card notified the plaintiff that an attempt had been made to deliver the laundry, and contained a statement as follows: "Goods will be sold after sixty days for charges."

Defendant also sent letters to the plaintiff on numerous occasions, advising the plaintiff of the numerous attempts to deliver the laundry, and again to the effect that if the goods were not called for at a certain time, they would be sold. From the evidence the court finds that the plaintiff did receive some of the letters, and also some of the delivery cards at his door. Plaintiff was evicted from his property several months after the laundry was delivered to the defendant company and moved to another address, and the defendant company was unable to locate the new address or location of the plaintiff, plaintiff having failed to notify the defendant of his change of address. The defendant had no knowledge of his whereabouts until the latter part of July or the first of August, 1931, when the plaintiff came to the defendant's place of business and demanded the laundry.

The evidence shows, and the court finds, that some time during the month of July, 1931, at least six months or more from the time the laundry was delivered to the defendant, the defendant company disposed of the laundry

for the charge incurred in the performing of their services; that the clothing contained in the package of laundry was sold for the charge thereof, with no evidence to show that the goods which were sold at private sale, were sold for more than the amount claimed by the defendant company. The laundry consisted of handkerchiefs, wash cloths, napkins, several men and boys' shirts, tea towels, pillow cases, sheets, bath towels, bed spread and several other articles of clothing, for which it is almost impossible to find a market. The court finds the goods were reasonably worth from twelve to fifteen dollars, perhaps more to the plaintiff than to anyone else.

Evidence was introduced on the part of the defendant consisting of a number of laundry men located in Columbus, Franklin county, Ohio, who testified in sustance that at the present time and as long as they have had any connections with the laundry business, packages of laundry which were never called for or which they were unable to deliver, accumulated over a period of a year and that these packages consisted of, as a rule, clothing, in many cases only several collars, handkerchiefs or a shirt up to a large family wash: that it was the practice and had been the practice to dispose of these articles for the charges, after holding them for several months, without having been called for and which the company were unable to deliver. All these witnesses testified that it was impossible to find a market for uncalled for articles, and in the majority of cases they were given to charitable organizations and the charges against the owner of the goods cancelled.

The plaintiff admitted that he had had previous dealings with laundry companies, and admitted that he knew that if articles were not called for they would be disposed of, but evaded an answer as to his knowledge as to when or how a laundry would dispose of such goods.

The question presented is "Did the laundry company follow a proper procedure in disposing of the property?" Have the laundry companies in this city created a custom by usage over a period of years wherein they may dispose of property uncalled for, upon which they have performed a service and have a lien for a reasonable charge for the

service performed, without entering into the courts and institute proceedings to foreclose their common law lien or continue to retain the goods in their possession for a period of four years or more under Section 11224 General Code.

The court is of the opinion that the defendant company in this case has followed the proper procedure, as the result of a created custom, and from the special contract of which the plaintiff had knowledge, by his past experiences and by the notices given by the laundry company, that the goods would be sold for charges if not delivered or called for within sixty days.

In commenting upon the elements of usage or custom and what is necessary to create such, we find the following on Page on Contracts 2d Ed., Section 2057:

"* * * to be regarded as a part of a transaction, a custom must be shown to exist as a certain and uniform custom and as one which has been established for so long a time as to have been generally known and to be recognized as the established rule in such cases or as one which is actually known to the party against whom it is invoked. It need not be immemorial.* * *

"If a custom is not established in the particular trade or business it is not regarded as part of the contract, unless the parties actually contracted with reference thereto. If the custom is a general one, all are presumed to know of it, and contract with reference to it. To be regarded as part of a contract, the usage or custom must not only be shown to exist, but it must have both of the following elements:

"1. It must be actually or constructively known.
"2. It must be consistent with the contract."

The following is found in Corpus Juris Vol. 17, page 450:

"The elements of antiquity need not be shown in the case of a usage or custom of trade. All that is required is to show that it is established; that is, that it has existed a sufficient length of time to have become generally known; and where a usage is shown to have been known to the parties at the time the contract was made, the length of its existence is immaterial. The antiquity necessary to render a usage admissible depends very largely upon the circumstances in each case."

In the case of *Railroad* v. *Tucker*, 48 O. S. 60, the court makes the following comment:

"The custom must have been shown to be reasonable and certain, known to him, or to have been so general and well established that knowledge would be presumed, peaceably acquiesced in, and not unjust, oppressive, or in conflict with an established rule of public policy."

In the case at bar, it certainly cannot be said that such a custom was oppressive or against public policy. Certainly the defendant, the laundry company, did everything possible to deliver the package to the plaintiff. They held the goods a reasonable length of time and did everything which they might reasonably be expected to do. On the other hand, were the acts on the part of the plaintiff fair and reasonable? If laches were to be considered in this case, certainly the plaintiff would be guilty, having shown no more interest than he did in his property or in the return of the same. If this court were to hold otherwise, it would require a laundry company to institute legal proceedings to foreclose their common law lien upon a five or ten cent collar which might be left with them to be laundered, and to hold such would place a great hardship upon the laundry companies, which the public in dealing with them would ultimately be forced to pay. The negligence on the part of the plaintiff might lead one to believe that he had abandoned his property and might be estopped from asserting his right thereto.

Considering the equity in such cases, the courts have always refused their aid to stale demands where the party has slept upon his rights. The court is called into activity by conscience, good faith and reasonable diligence. There are a great many things in the ordinary transaction of business which are habitual and usual, and are incorporated into and become parts of the contract entered into. The acquiescence and knowledge on the part of the plaintiff in this case as to articles left with the company bars his recovery, in the absence of evidence to show that the goods had been disposed of for a greater amount than the amount of the laundry company's bill for the service performed.